Christian, J.
delivered the opinion of the court.
The court is of opinion, that the sale made to Hess and Miller was a judicial sale, being made under a decree of the Circuit court of Augusta, entered in June 1859. It is true it was not made at public auction, but it was made by a party who had been appointed commissioner of the court; was reported to said court and confirmed as a sale made by the court. It was none the less a judicial sale because made privately, and not at public auction. In either event it only becomes a sale at all, when confirmed by the court. It is the confirmation by the court, and not the biddings or propositions to buy that constitutes such sale a judicial sale.
The court is further of opinion, that the payment of the purchase money to Warren, by Hess and Miller, was without authority, and that such payment does not discharge them from obligation to pay to the appellees such part of the purchase money as has been lost in consequence of the insolvency of Warren.
Hess and Miller, being purchasers at a judicial sale, were bound to take notice of the decrees and other material proceedings, under authority of which the land was sold, and must be presumed to know the law which governs such sales. How the decree directing a sale, and appointing a commissioner for that purpose, upon its face expressly provides, that “the said commissioner shall not act under this decree until he executes and files with the clerk of the court bond with security, to be approved by said clerk, payable to the *750 commonwealth of Virginia in the penalty of $7,000, and conditioned faithfully to perform the requirements of this and every future order of the court in this cause.” The very decree under which the appellants purchased, informed them that the party with whom they were dealing was not authorized to act until he had given the bond required. It was easy for them to have made the enquiry if the bond had been given; and it was their own culpable neglect in not making such enquiry: and if loss has occurred to them, it was in consequence of their own want of diligence and negligence in not seeing to it, that the party with whom they were dealing was clothed with proper authority.
But beside the express directions of the decree, the statute law, which every party acting under it must be presumed to know, informed these appellants that “no special commissioner appointed by a court shall receive money under a decree or order until he gives bond before the said court or its clerk.” Before they paid any part of the purchase money they should have enquired if the bond required by law had been given. Otherwise they might be paying to one who had no authority to receive it. They might as well have paid it to a stranger. Both the decree under which they purchased, and the law governing such decrees, declared that the giving a bond was a condition precedent to any authority of the commissioner in the premises.
Much was said in the argument, about the hardship of requiring parties to pay their money twice in the same transaction, when it had been once paid to a commissioner of the court. It may be answered to this— 1st, the hardship arises out of the negligence of the parties; and 2d, they have not paid it to a commissioner of the court authorized to receive it, because the very *751 authority to receive the money is the execution of the bona required by law.
The provision of the statute referred to, Code 1873 ch. 174, § 1, is one most useful and salutary. It was intended as a shield of protection to all parties, whose property had to be disposed of, and proceeds administered by the court of chancery. These parties are most frequently persons under disability, such as infants, insane, and others not sui juris. The legislature in its wisdom has determined not to leave the matter to the chance of a court’s requiring a bond for the faithful performance of the duties of its commissioner, or to the chance of the appointment of an insolvent commissioner; but has declared as the law of every case, that “no special commissioner appointed by any court shall receive money under a decree or order until he gives bond before said court or its •clerk.”
Ho case of individual hardship should influence the courts in weakening in any degree the force of this wise and salutary law; but it ought to be constantly maintained and enforced, as one which affords wholesome and safe protection to all parties, whose property is sold under proceedings of a court of chancery. The court is therefore of opinion that there is no error in the decree of the said Circuit court, and that the same should be affirmed.
Decree affirmed.