Burks, J.,
delivered the opinion of the court.
The court ^ of opinion that the decision of this case is controlled by the authority of Hess & als. v. Rader & wife & als., 26 Gratt. 746.
In each case the commissioner collected the purchase money from the purchaser of land at a judicial sale without giving the bond required by the statute and the decree under which he acted, and then made default. The attempt is made to withdraw this case from the controlling influence of Hess & als. v. Rader wife & als. as authority, upon the pretension that in making payment the purchaser acted, after due inquiry, on information furnished him by the clerk of the court, that the commissioner had given the bond required by the decree. Some evidence was taken as to that matter on both sides, and is more or less conflicting. It is immaterial, however, in this case, whether such information was given or not, or whether, if given, it induced the payment to the commissioner. The fact remains that no bond was given and therefore the commissioner had no authority to collect. There was a bond filed among the papers in the cause, but whatever the clerk may have said to the purchaser about it, it is certain that the bond was never approved and accepted by the clerk, and his refusal to accept it was endorsed upon it at the time it was tendered and filed. Whatever remedy, if any, the purchaser may have against the clerk, his payment to the commissioner was a payment in his own wrong, and he continues personally bound for so much of the purchase-money collected by the commissioner as was not accounted for by him.
*603 The court is further of opinion, that the land purchased - , . by the appellant under the decree of the court also continues bound for the purchase money collected and not accounted for by the commissioner, notwithstanding the deed of conveyance made by the commissioners. The title ivas retained by the decree ordering sale as a security for the payment of the purchase money, and the commissioners were not empowered by the decree to convey until payment was completed; and as no valid payment was ever made, the deed of the commissioners passed no valid title. Hone of the decrees in the cause subsequent to the decree made on the — day of June, 1871, by which the commissioners were appointed and authorized to make collections only on condition of first giving bond, dispensed either expressly or impliedly with the performance by the commissioners of this condition precedent to the exercise of the powers conferred. The 11th section of chapter 174, Code of 1878, relied on by the appellant in his answer to the rule against him, has no application to a case like this. The decree under which the appellant purchased has never been reversed or set aside, nor has there been any attempt to reverse it or set it aside. On the contrary the proceeding against him was to enforce the decree and compel him to complete his purchase by payment of the purchase money remaining unpaid.
The court is further of opinion, that the complainant in the court below and the other parties in this cause were not, nor were any, nor was either of them, bound to resort to any remedy they may have had, either against the defaulting commissioner separately or against him and his sureties on the bond aforesaid filed in this cause, before proceeding to subject the land purchased by the appellant for the balance of purchase money not accounted for as aforesaid. The bond, as before stated, *604 was never approved and accepted as a bond authorized by the court, and it is recited in the decree complained of that the commissioner is insolvent, and such is doubtless the fact, or this controversy would never have arisen. But whether the commissioner be insolvent or not, the appellant is himself in default; and as to those entitled to the purchase money for which he is bound, he is the primary if not only debtor.
The court is of opinion, for the reasons stated, that there is no error in the decree of the circuit court of Fairfax county, from which an appeal has been allowed in this case, and that the same should be affirmed, with costs and damages.
Decree aeeirmed.