### PICKEL v. ISGRIGG and others.

*(Circuit Court, D. Indiana. April 2, 1881.)*

1. DEMURRER TO EVIDENCE—WHEN ALLOWABLE.

 The evidence of a party, upon the affirmation side of an issue of fact before a jury, may be demurred to by the adverse party under certain conditions; but the party upon whom the burden of the issue rests is not permitted to demur to the evidence of the other party, for he cannot be allowed to assume that he has made out his case.

2. SAME—ADMISSIONS OF FACT.

 If there is any evidence tending to prove a fact, that fact must be distinctly admitted in the demurrer to be absolutely true, so that the court will have nothing to do but apply the law to the established facts.

3. SAME—ADMISSIONS OF RECORD.

 Unless the necessary admissions are distinctly made of record, no judgment can be pronounced on the demurrer, for the court is not substituted for the jury to weigh the evidence.

4. SAME—JOINDER IN DEMURRER.

 It is also necessary that there should be a joinder in such demurrer.—[ED.

*Baker, Hind & Hendricks* and *George Carter,* for plaintiff. *Claybaugh & Higinbotham* and *Herr & Alexander,* for defendants.

GRESHAM, D. J. The plaintiff, as indorsee of a negotiable promissory note, sued Jesse Isgrigg as maker and George B. Forgy as indorser. Failing to appear, judgment was entered against Forgy by default. Isgrigg answered: (1) Special *non est factum*; (2) that Forgy was the owner of the note and the real party in interest; (3) general *non est factum*. The defendant demanded a jury. A number of witnesses testified for the plaintiff, the note was read to the jury, and the plaintiff rested. Some of the witnesses testified that they saw the defendant sign the note after it had been read over to him in their presence and hearing. The defendant then testified in his own behalf, denying that he had ever signed the note, or authorized any one else to sign it for him. Other witnesses also testified for the defendant. The evidence of one or more of the defendant's witnesses tended to show that Forgy was still the owner of the note, and that he had indorsed it to the plaintiff, who is his sister, and a citizen of the state of Iowa, for the purpose of collecting it in this court.

After the defendant had concluded his evidence and rested, the plaintiff, by her counsel, announced that she demurred to the evidence. Time was given to prepare the demurrer, and the jury was discharged. This was done without objection by the defendant. The entire evidence on both sides, as reported by the stenographer, is set out in the demurrer which was afterwards filed. The demurrer concludes as follows: "And this being all the evidence given in the cause, the plaintiff says the evidence of the defendant Jesse Isgrigg, given in support of the issues tendered by him herein, is not sufficient for him to have and maintain his defence in this action, and therefore she demurs thereto, and prays that said Isgrigg be required to join in this demurrer; and the plaintiff admits the facts stated by the witnesses for the defendant herein before set out, and every inference and conclusion the jury may rightfully and reasonably draw therefrom."

Neither on the argument of the demurrer, nor at any previous time, was there any objection to the sufficiency of the demurrer or the regularity of any of the proceedings con-

nected therewith. It is insisted by counsel for the plaintiff that the form of the demurrer, and the action of the court thus far in connection with it, are in conformity with the practice in Indiana, as settled by the supreme court of the state, and that the jury could not have rendered a verdict for the defendant under any fair or reasonable construction of the evidence, and therefore the demurrer should be sustained, and judgment entered for the plaintiff. So far as known, this is the first time there has been a demurrer to evidence in this court. Isgrigg denied the execution of the note in his sworn answer, and that compelled the plaintiff to assume the burden of the issue.

The evidence of a party, upon the affirmation side of an issue of fact before a jury, may be demurred to by the adverse party under certain conditions. The party upon whom the burden of the issue rests is not permitted to demur to the evidence of the other party, for he cannot be allowed to assume that he has made out his case. If there is evidence tending to prove a fact, that fact must be distinctly admitted in the demurrer to be absolutely true, so that the court will have nothing to do but apply the law to the established facts. And this is the case, whether the evidence be direct and positive, or circumstantial and uncertain. If there be circumstantial evidence only slightly tending to prove a fact, the demurring party is required to admit that fact to be absolutely true before the opposite party will be required to join in the demurrer. Unless the necessary admissions are distinctly made of record, no judgment can be pronounced on the demurrer, for the court is not substituted for the jury to weigh the evidence. The relative functions of the court and jury are not to be lost sight of in determining the proper practice in a matter of this kind. The court admits to the jury all evidence which tends in any degree to prove or disprove the issue, and it is for the jury to say how far the evidence goes in proving or disproving the issue. In other words, it is the exclusive province of the jury to weigh the evidence which the court has admitted as relevant to the issue. The right of trial by jury is in effect destroyed by

holding, as some of the courts have held, that on a demurrer to the evidence the court takes the place of the jury and finds for the demurring party, unless, by a fair and reasonable construction of the evidence, the jury might have found for the adverse party.

I am aware that there are expressions in the opinion of the court in the case of the *U. S. Bank* v. *Smith,* 11 Wheat. 171, which do not sustain the views here announced. In delivering the opinion of the court in that case Mr. Justice Thompson says: "By a demurrer to the evidence the court in which the case is tried is substituted in the place of the jury; and the only question is whether the evidence is sufficient to maintain the issue. The judgment of the court on such evidence will stand in place of the verdict of the jury; \* \* \* and everything which the jury could reasonably infer from the evidence demurred to is to be considered as admitted." But at a later day in the same term, in the case of *Fowle* v. *Common Council of Alexandria,* reported in the same volume, in delivering the opinion of the court, Mr. Justice Story says: "It is no part of such proceedings (demurrer to evidence) to bring before the court an investigation of the facts in dispute, or to weigh the force of testimony or the presumption arising from the evidence. That is the proper province of the jury. The true and proper object of such a demurrer is to refer to the court the law arising from the facts. It supposes, therefore, the facts to be already admitted and ascertained, and that nothing remains but for the court to apply the law to those facts."

In the earlier case of *Young* v. *Black,* 7 Cranch, 565, the same learned judge says: "The party demurring is bound to admit as true not only all the facts proved by the evidence introduced by the party, but also all the facts which that evidence may legally conduce to prove."

In the case of *Chenoweth* v. *Lessees of Haskett,* 3 Pet. 92, Chief Justice Marshall says: "The defendants in the district court having withdrawn the case from the jury by a demurrer to the evidence, or by having submitted the case to the jury, subject to that demurrer, cannot hope for a judgment in

their favor, if by any fair construction of the evidence the verdict can be sustained." This was an action of ejectment, brought by the defendants in error to recover 50,000 acres of land, part of which was in the occupancy of the defendants in the court below. The defendants in that court disclaimed as to part of the land, and went to trial as to the residue. The original plaintiffs had the oldest title, and the case depended on the question whether their grant covered the land in dispute. According to the courses and distances given in the plaintiff's patent, a survey excluded the land in dispute. At the trial in the court below the plaintiffs read the deposition of one Wilson, who made the survey of the 50,000 acres. He testified that the line which formed the western boundary of the land intended to be granted was never run or marked. In his office he assumed a course and distance, and terminated the line in his mind at two small chestnut oaks in the wilderness, without indicating in his survey just where the two chestnut oaks might be found. No natural objects were given in the survey by which the course and distance might be controlled. Wilson had marked two small chestnut oaks as the corner of Robert Young's tract, and it was these two trees which he had in his mind, without indicating his intention on his survey.

The defendants demurred to the plaintiffs' testimony, and the jury found a verdict for the plaintiffs, subject to the judgment of the court on the demurrer. The court overruled the demurrer and gave judgment for the plaintiffs. This ruling was reversed on writ of error, the supreme court holding that the defendants in error were not entitled to the lands in possession of the plaintiffs in error, because neither the patent nor the face of the plat furnished any information by which the corner called for in the patent could be controlled. This decision was in effect that the testimony of Wilson was inadmissible to control the grant, and, that testimony out of the record, there was nothing to sustain the claim of the plaintiffs below to the land in dispute. There being no legal evidence in support of the affirmative of the issue in the court below as to the land in dispute, of course the demurrer should have

been sustained. This case, on its facts, is not in conflict with the ruling in *Fowle* v. *Common Council of Alexandria*, which is sustained both by reason and authority. Gould on Plead. *c.* 9, part 2; *Copeland* v. *New England Ins. Co.* 22 Pick. 135; *Gibson* v. *Hunter*, 2 H. Blackstone, 187.

The plaintiffs' counsel relied mainly on the decisions in the supreme court of this state. In *Straugh* v. *Gear*, 48 Ind. 100, the appellees, as indorsees of a promissory note, sued the makers. The answer admitted the execution of the note, but charged that the defendant's signature was procured to the same by fraudulent representations, of which the plaintiffs had notice. It seems that when the defendant concluded his testimony and rested, the plaintiffs demurred to the evidence, and the court sustained the demurrer. On appeal the case was affirmed on the ground that there was no evidence to show that the plaintiffs below bought the note with knowledge of the defence which the makers had against the payee.

The evidence of the defendant, upon whom the affirmation of the issue rested, was relative to a part only of that issue, and it is clear that in such a case a demurrer to the evidence may be safely risked, while it is fatal to a demurrer if there be evidence relevant to the whole issue. In deciding this case on appeal the court says: "When the plaintiff demurs to the evidence of the defendant, he should set out all the evidence offered by the plaintiff and defendant at full length, so that the court may determine upon the whole evidence for whom judgment shall be rendered." This announcement of the court, besides being objectionable as confounding the relative functions of court and jury, was hardly called for in the decision of the case.

*Thomas* v. *Ruddle*, 68 Ind. 326, was also a suit by the appellee, as indorsee, against the maker of a promissory note payable at a bank in this state. The answer was *non est factum*, and this was the only issue in the case. After all the evidence was in on both sides, the plaintiff, although he had the burden of the issue, demurred to the evidence, setting it all out in his demurrer, and it was sustained by the court. On appeal it was held that much of the evidence which tended

to show that the defendant's signature to the note had been procured by fraud was irrelevant, under the issue of *non est factum*, and the case was affirmed on the ground that the defendant below was guilty of negligence in signing the note, and that the plaintiff below acquired the note after it became due, but from prior indorsees, who, for anything that appeared, to the contrary, were *bona fide* holders. "But," say the court, "when either party demurs to the evidence his demurrer must be ruled upon according to the practice in this state, in view of all the evidence which has been given in the cause at the time the demurrer was filed."

Other Indiana cases were cited in support of the demurrer, but they need not be reviewed, as I think the law is correctly stated in *Fowle* v. *Common Council of Alexandria.*

In the case in hand, the plaintiff had no right to assume that she had sustained the affirmation of the issue and demurrer to the defendant's evidence.

There was no joinder in the demurrer, which was necessary, and the proper admissions were not made in the demurrer, or upon the record, upon which the court could found a judgment. A new trial is the only solution of the embarrassment.