# CHARLESTON.

SHAW *v.* COUNTY COURT.

Submitted June 15, 1887,—Decided November 26, 1887.

1. TRIAL—OBJECTIONS TO EVIDENCE—DEMURRER.

   Either party may demur to the evidence in an action at law, unless the case be clearly against the demurrant, or the court entertains a reasonable doubt as to what facts should be fairly inferred from the evidence.

2. BOUNTIES TO SOLDIERS—LIMITATION OF ACTIONS.

   Where a county, by an order of its board of supervisors, appropriates money to pay bounties to a certain class of volunteer soldiers, and, after such money has become payable, one of said soldiers presents his claim to such board of supervisors for payment, and it refuses to pay him, *held*, the statute of limitations begins to run against such claim from the time it is so presented, and payment refused, and the same becomes barred at the expiration of five years from that time.

*W. G. Bennett* for plaintiff in error.

*A. M. Poundstone* for defendant in error.

SNYDER, JUDGE :

Action of *assumpsit*, commenced January 28, 1880, in the Circuit Court of Upshur county, by Thomas Shaw, against Upshur county, and in which the County Court of said county was substituted as defendant for said county. The plaintiff claims that he was one of 153 volunteers accredited to the county of Upshur under several calls of the President for troops to serve in the United States army during the late civil war; and that by virtue of an order of the board of supervisors of said county, made March 26, 1864, appropriating $15,000.00 to pay bounties to the volunteers so accredited to said county, he was entitled to recover $98.03, being the 153d part of said $15,000.00; and that at the December term, 1879, he presented his claim for said $98.03 to the County Court, and the said court then entered an order disallowing said claim. The damages demanded in the declaration are $300.00. The defendant pleaded *non-assumpsit*, and *non-*

*assumpsit* within five years; to which the plaintiff replied generally, and also tendered three special replications to said plea of the statute of limitations, marked " No. 3," " No. 4," and " No. 5," respectively,—the first two of which, on objection by the defendant, were rejected by the court, and No. 5 was allowed to be filed, and issue joined thereon. The case was submitted to a jury, and, after the plaintiff had introduced all his evidence, the defendant demurred thereto, in which demurrer the plaintiff refused to join until he had been required to do so by the court, and thereupon the jury returned a verdict for the plaintiff for $192.85, subject to the opinion of the court upon said demurrer. On February 18, 1882, the court found for the defendant upon the demurrer to the evidence, and entered judgment dismissing the action, at the plaintiff's costs; and to this judgment the plaintiff was allowed this writ of error.

The court properly rejected each of the plaintiff's replications, Nos. 3 and 4 aforesaid. No. 3 simply avers that on or near March 12, 1866, the plaintiff presented his claim to the clerk of the board of supervisors of Upshur county, and that the same was not paid or allowed. There is clearly nothing alleged here to take the claim out of the operation of the statute of limitations; and No. 4 merely avers that the demand sued upon was created by an act of the Legislature, passed February 6, 1864, and not by the act of the parties. The fact here averred is both insufficient to prevent the bar of the statute, and also untrue. The act of the Legislature referred to is simply an act authorizing the supervisors of the several counties of the State to borrow money and issue bonds for the payment of bounties to soldiers. It does not attempt to impose any liability upon the counties, or create any contract between them and the soldiers. Chapter 6, Acts 1864, p. 5. Replication No. 5, which was allowed to be filed, avers that on June 17, 1880, and August 14, 1880, the defendant, by orders duly entered of record in the County Court, promised to pay the plaintiff's demand. All the evidence introduced on the trial is made a part of the record; and no orders such as those alleged in this replication were offered, nor was any order or other evidence offered to show any promise by the defendant to pay the

plaintiff within five years before the commencement of this action.

It is assigned as error that the court compelled the plaintiff to join in the defendant's demurrer to the evidence. In *Insurance Co.* v. *Wilson*, 29 W. Va. 528, 2 S. E. Rep. 888, this Court decided that " either party may demur to the evidence of the other, unless the case be clearly against the party offering the demurrer, or unless the court should doubt what facts should fairly be inferred from the evidence demurred to. " In the case at bar, there could be no doubt as to the facts proved by the evidence, and those facts plainly show that the case was *clearly* in favor of the demurrant; and therefore, according to the rule above stated, the court did not err by compelling the plaintiff to join in the demurrer.

The only other error assigned is that the court erred in rendering judgment for the defendant on the demurrer to the evidence. What has already been said sufficiently indicates that this assignment is not well taken. The plaintiff proved that on or before March 12, 1866, he placed his claim before the board of supervisors, or in the hands of the clerk, and that the board refused to pay it, for the reason, as they alleged, that the $15,000.00 appropriated to pay bounties had all been expended in the payment of bounties to other soldiers, who had presented their claims pursuant to a notice published calling for the presentation of all claims entitled to be paid out of said appropriation. It thus appears that, if the plaintiff ever had any cause of action against the defendant, his right to sue upon it accrued not later than the said twelfth day of March, 1866; and, consequently, the same became barred by the statute of limitations in March, 1871,—nearly 10 years before he began this action. *Stuart* v. *Greenbriar*, 16 W. Va. 95.

For these reasons the judgment of the Circuit Court must be affirmed.

AFFIRMED.