# CHARLESTON.

## BENNETT v. PERKINS.

Submitted September 14, 1899—Decided January 24, 1900.

1. NON ASSUMPSIT—*Special Plea—Evidence.*

   It is not error to reject a special plea setting up matter in defense to the action, when the plea of *non assumpsit* is filed, and the matter of defense of such plea may be given in evidence under the plea of *non assumpsit.* (p. 429.)

2. EVIDENCE—*Demurrer—Issue.*

   Either party has a right to demur to the evidence, but the demurrer is only applicable to the evidence of the party holding the affirmative of the issue. (p. 430.)

3. DEMURRER—*Evidence—Burden.*

   Where a plaintiff demurs to the evidence of the defendant when the burden of proof is not on the defendant, and such demurrer is erroneously entertained by the court, it is not reversible error if the facts be found for the defendant. (pp. 431-432.)

Error to Circuit Court, Braxton County.

Action by Nelson M. Bennett against Franklin Perkins. Judgment for plaintiff, and defendant appeals.

*Reversed.*

DULIN & HALL, for plaintiff in erorr.

LYNNE & BYRNE, for defendant in error.

MCWHORTER, PERSIDENT:

This is an action of *assumpsit,* brought December 18, 1893, in the circuit court of Braxton County, by Nelson M. Bennett, survivor of himself and M. T. Frame, deceased, against Franklin Perkins, survivor of himself and Elijah Perkins, deceased, upon the following contract in writing, to wit:

"For value received, We, or either of us, promise to pay M. T. Frame & N. M. Bennett the sum of three hundred

dollars, with interest from date, when they shall have suc-
ceeded in releasing the lands sold by Elijah Perkins to
Franklin Perkins, situate on Perkins Fork of Cedar Creek,
in Braxton County, consisting of two tracts, from the lien
of the judgment of P. B. Adams, commissioner, against
Elijah Perkins and others, which is the subject of a chan-
cery suit now pending in the circuit court of Braxton
County in name of said Adams, commissioner, against said
Elijah Perkins and others. But, in the event they fail to
succeed in releasing both of said tracts from the said
lien, and shall relieve from liability the tract of -- — acres,
on which said Franklin Perkins now lives, then, and in
that event, we agree to pay said Frame & Bennett the one-
half of the said sum of three hundred dollars, and interest
thereon as aforesaid. Witness the following signatures,
this 11th day of December, 1883.

> " FRANKLIN PERKINS,"
> his
> " ELIJAH x PERKINS."
> mark

The defendant appeared on the 24th of April, 1894, and
tendered two pleas in writing, marked, respectively, "No.
1" and "No. 2." No. 1, being simply the general issue of
*non assumpsit*, was filed, and replication thereto. Plaintiff
objected to the filing of plea No. 2, and the court took time
to consider of said motion, and, on motion of defendant,
Albert Shock, surveyor of said county, was directed to go
upon the lands mentioned in plaintiff's declaration, and re-
ferred to in the contract sued upon, and any adjoining
lands thereto, and do such surveying as either party might
demand or require, and report same to the court, with a
plat and seven copies thereof; and on the 22d of August,
1895, the defendant tendered plea No. 3, to the filing of
which plaintiff objected, which objection the court over-
ruled, and the plea was filed, and plaintiff replied generally
thereto, and the court, having considered the objection to
the filing of plea No. 2, theretofore tendered, sustained the
objection, and rejected the plea; to which rulings of the
court defendant excepted. A jury was then impaneled,
and, having heard all the evidence, on the 23d day of Au-
gust, 1895, the plaintiff filed a demurrer to the evidence of

the defendant, and the defendant objected to joining in said demurrer, but the court required him to do so. The defendant then filed his joinder in the demurrer, and the jurors were told to inquire what damages plaintiff had sustained by reason of the matters shown by him in evidence in case judgment should be given for plaintiff upon said evidence, and the jury assessed the plaintiff's damages at five hundred and ten dollars and sixty-five cents, but, subject to the opinion of the court upon said demurrer to the evidence, if the opinion of the court should be for the defendant, then their verdict was for the defendant. Plea No. 3, aforesaid, was a plea of statute of limitations of ten years, and the court took time to consider of its judgment. On the 10th day of May, 1898, the court, having maturely considered the matters arising upon the demurrer of plaintiff to defendant's evidence, was of opinion that the law was for the plaintiff, and rendered judgment for the plaintiff for the amount found for him by the verdict of the jury. The defendant excepted to various rulings of the court, and presented five bills of exceptions, numbered one, two, three, four and five, which were signed, and made a part of the record. Defendant obtained a writ of error, assigning it was error to reject plea No. 2, as set out in bill of exceptions No. 1, which plea is as follows: "The defendant, in his proper person, comes, and for plea says that he and Elijah Perkins, now deceased, executed the writing in the said declaration mentioned, dated the 11th day of December, 1883; that prior to and at the time of the making of the said writing there was pending in this court a suit in chancery of P. B. Adams, commissioner, against Elijah Perkins and others, the object of which was to enforce a judgment of said Adams as commissioner and other judgments against the real estate of said Elijah Perkins, including the two tracts of land mentioned in plaintiff's declaration, and there had been a decree entered in said cause for the sale of certain lands of Elijah Perkins, including a portion of said fifty-eight and one-half acres; that said lands were sold under said decree, and said sale was confirmed by the decree therein, and the said Elijah Perkins and this defendant employed M. T. Frame and plaintiff and other attorneys to institute a proceeding in

said court against said Adams and others to set aside said decree, and release the lands of Elijah Perkins, and the two tracts aforesaid, from the lien of the judgment named in said writing; that accordingly such suit was instituted, prosecuted, to a final hearing, and was dismissed at the cost of said Elijah Perkins, and said decree was not set aside, and the status of said judgments as to lands was the same as when said suit was instituted and when said writing was executed; that the tracts of land referred to in said writing, and described in said declaration as containing four hundred and thirty-seven acres and fifty-eight and one-half acres, respectively, were, by the terms of said writing, to be released from a lien of the judgment mentioned therein, before any liability would attach thereunder to this defendant or Elijah Perkins, except that, in the event the tract of four hundred and thirty-seven acres should be relieved from the liability of said judgment, then this defendant would be liable to pay plaintiff the one-half of the three hundred dollars named in said writing, but, if both tracts of land were not relieved, or the tract of four hundred and thirty-seven acres was not released from the lien of said judgment, no liability would attach to this defendant under said writing. And this defendant avers that neither plaintiff nor M. T. Frame has performed the conditions on their part in said writing mentioned a part; that the tract described in said declaration as containing fifty-eight and one-half acres was sold under decree in the chancery cause mentioned in said writing to satisfy said judgment, but did not bring sufficient amount to pay the same; that said chancery cause is still pending in this court, and neither of said tracts of land have ever been released from said judgment, as provided in said writing, and that neither the plaintiff nor M. T. Frame has ever performed any services or done any act under or in pursuance of said writing towards or tending to release the tract of four hundred and thirty-seven acres from the liability of the judgment mentioned in said writing, by which this defendant or Elijah Perkins was or is in any wise benefitted, and the consideration for said writing has wholly failed, and this the said defendant is ready to verify. Franklin Perkins, by Counsel,"—which plea was duly verified. There is no

defense set up in this plea which, if sufficiently pleaded might not be proved under the plea of *non assumpsit*, which had already been filed when this plea was rejected; hence the defendant was not prejudiced by its rejection. In *Hale* v. *Land Co.*, 11 W. Va. 229, it is held "not error to reject a special plea setting up matter in defense to the action, when the plea of *non assumpsit* is filed; and the matter of defense of such plea may be given in evidence under the plea of *non assumpsit.*" *Railroad Co.* v. *Lafferlys*, 14 Grat. 478; *Railroad Co.* v. *Polly, Id.* 454; *Dillon Beebe's Son* v. *Eakle*, 43 W. Va. 502, (27 S. E. 214).

The second assignment alleges that it was error to permit counsel for plaintiff to ask plaintiff as a witness, as set out in bill of exceptions No. 2: "Do you know who has been in possession of the two tracts of land mentioned in these deeds? I mean since the execution of this contract," —to which witness answered: "Mr. Franklin Perkins did reside on the four hundred and thirty-seven acres, and has since, down until a year or two or three. He has moved lower down, where his father formerly lived. The fifty-eight and one-half acres has also been in his possession, as I understand it." The fact of continued possession was attempted to be shown as a circumstance, only, favorable to the contention of plaintiff. Surely, if defendant had been ousted from the premises as a result of the enforcement of the judgment which plaintiff had contracted to defend against or threatened with ouster or trouble therefrom, the defendant would be entitled to prove such fact in defense of plaintiff's action, and plaintiff was entitled to prove any fact tending to show the fulfillment of the contract on his part.

The third assignment alleges that it was error to overrule defendant's motion to exclude plaintiff's evidence, as set out in bill of exceptions No. 3, whereby it appears that, after plaintiff had introduced all his evidence in chief, and rested his case, and before defendant had introduced any evidence, defendant moved to exclude the evidence of the plaintiff. In *Carrico* v. *Railway Co.*, 35 W. Va. 389, (14 S. E. 12,) (Syl., point 3): "A motion by the defendant to exclude the plaintiff's evidence upon the ground that it is not sufficient to warrant a verdict in his favor, will not be

granted if there be any evidence which tends in any degree, however slight, to prove the plaintiff's case. If it tend to prove the plaintiff's case in any degree whatever, the case cannot be withdrawn from the jury. The motion can never prevail or be sustained merely because the court may think the weight of evidence is against the plaintiff." Defendant seems to have abandoned the third assignment, as he fails to make any mention of or reference to it in his brief. And further, in *Poling* v. *Railroad Co.*, 38 W. Va. 645, (18 S. E. 379), 24 L. R. A. 215. (Syl., point 6): "A defendant who, after the plaintiff has given in his evidence in chief, and rests, moves the court to instruct the jury to render a verdict for the defendant, but, the motion being overruled, goes on with his case, will be held to have waived his exception taken to such ruling."

"Fourth. It was error for the court to require defendant to join in plaintiff's demurrer to the evidence," as set out in bill of exceptions No. 4; and, fifth, "It was error to render judgment, on the demurrer to the evidence, for plaintiff." The contract sued upon here was for the payment to plaintiff of the sum of three hundred dollars in case he succeeded in relieving or releasing two certain tracts of land from the lien of a judgment which endangered it. If he was wholly successful he was to be paid the three hundred dollars, with interest, but, in the event he should fail to release both of said tracts from said lien, and should relieve from liability the one tract on which said defendant then lived, then he was to be paid the one-half of said sum. The burden of proof was upon the plaintiff to show to the satisfaction of the jury that he had performed his part of the contract, and was entitled to recover the three hundred dollars, or the one-half thereof, as the case might be. Counsel for plaintiff contend that either party may demur to the evidence, and cite *Insurance Co.* v. *Wilson*, 29 W. Va. 528, (2 S. E. 888); *Shaw* v. *County Court*, 30 W. Va. 488, (4 S. E. 439), and *Arnold* v. *Bunnell*, 42 W. Va. 479, (26 S. E. 359), in support of their contention, and this is true, with certain restrictions. 6 Enc. Pl. & Prac. 440, says: "Either party has a right to demur to the evidence, but the demurrer is only applicable to the evidence of the party holding the affirmative of the issue." In

*Pickel* v. *Isgrigg*, (C. C.) 6 Fed. 676, it is held: "The evidence of a party upon the affirmative side of an issue of fact before a jury may be demurred to by the adverse party under certain conditions; but the party upon whom the burden of proof of the issue rests is not permitted to demur to the evidence of the other party, for he cannot be allowed to assume that he has made out his case." So, in *Styles* v. *Inman*, 55 Miss. 469, (Syl., point 8): "A demurrer may be taken to the evidence of either party, plaintiff or defendant, holding the affirmative of the issue." While it has not been held, in so many words, by this Court, that the evidence of the party not having the burden of proof cannot be demurred to, yet it has so held by implication. In *Bank* v. *Evans*, 9 W. Va. 373, (Syl., point 7): "The defendant ought to be compelled to join in a demurrer to evidence when the burden of proof is upon him, unless the case is clearly against the plaintiff, or the court doubts what facts should be reasonably inferred from the evidence." What is the plain inference here but that, if the burden of proof is not upon the defendant, he should not be required to join in the demurrer. To a jury of his peers the defendant as well as the plaintiff has a right, under the Constitution of the United States, and of this State, to submit all questions of fact in issue in actions at law. Article VII. of the former instrument provides that: "In suits at common law, when the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law;" and our State Constitution (Article III., § 13) makes the same provision; and, when a defendant submits his facts in evidence before a jury impaneled to try the issue made in the case, and the same tend in any degree, however slight, to contradict plaintiff's evidence, or to prove failure on the part of plaintiff to comply with his contract, the right to have such evidence weighed and considered by the jury is guaranteed to him, and he cannot be deprived of this right by the court withdrawing the case from the jury, the constituted triors of the issues of fact, and itself weigh the evidence, and decide which party succeeds on the issue. If either party

has an absolute right, whether the *onus probandi* was upon him or not, to demur to the evidence, and force his adversary to join therein, then the right of trial by jury is at an end, and that which has ever been held by the American people as one of their most sacred rights, is a myth. The rule is that he who affirms a proposition must maintain it with sufficient evidence. The record shows the only thing plaintiff undertook to do, in which, if he had succeeded, the two tracts of land would have been released according to his undertaking in the contract sued upon; that is, the answer and cross bill filed for Elijah Perkins in the chancery cause of *Adams* v. *Perkins*, which was dismissed at the cost of Perkins, and the original bill filed for said Perkins against Adams, seeking the same relief which was asked for in the answer and cross bill, and which, on the hearing, was also dismissed at Perkins' cost,—thus failing in his efforts for the relief sought. Plaintiff, in his testimony on cross-examination, says: "At the very time in December, 1883, when this contract was entered into, Elijah Perkins arranged with us for the defense of that suit at the same time, and this contract was made at the same time; and the work and labor performed in the case of *Perkins* v. *Adams*, growing out of the *Adams* v. *Perkins case* was to the interest of Franklin Perkins, for, if Elijah Perkins had succeeded, that would have defeated the case, and it would have been as much in the interest of one as the other. It was consummated at the same time." The evidence of defendant shows, or tends to show, that twenty-four acres of the fifty-eight and one-half acre tract was sold under proceedings to enforce said judgment from the lien of which it was to be released under the contract. It is true it had been sold at the time the contract was made, but it was a case in which, under all the circumstances disclosed by the evidence, it was proper for the jury to ascertain whether the plaintiff should recover, and, if so, whether the whole or a part of the sum named in the contract, according to its terms. The fifth assignment— that it was error to render judgment for the plaintiff on the demurrer to the evidence—is, therefore, well taken.

The sixth assignment is that it was error not to render judgment for defendant on the demurrer to the evidence.

Although the plaintiff should not have been permitted to demur to the evidence, and thus withdraw the case from the jury, the proper triors of the facts, yet, having chosen to submit his case upon the law, and all the evidence in the case being included in the demurrer, in the consideration of the evidence by which the facts are to be ascertained "the party whose evidence is thus withdrawn from its proper forum is entitled to have it most benignly interpreted by the substituted court.   He ought to have all the benefit that might have resulted from a decision of the case by the proper forum."   *Miller* v. *Insurance Co.*, 8 W. Va. 515; *Schwartzbach* v. *Protective Union*, 25 W. Va. 622; *Franklin* v. *Geho*, 30 W. Va. 27, (3 S. E. 168).   If the court erred in permitting plaintiff to demur, it is error of which plaintiff cannot complain.   Plaintiff fails to show in his evidence that he had complied with the terms of the contract upon which he brings this action,—fails to show that he had succeeded in releasing both of the tracts of land from the lien mentioned in the contract, or that he had succeeded in relieving either of said tracts from liability, which was a condition precedent to entitle him to recover upon the contract.   The land may yet be in peril by reason of said judgment.   The sixth assignment of error is well taken.

It follows that the judgment and the verdict of the jury should have been set aside, and the plaintiff's action dismissed.

*Reversed.*