CHARLESTON.

MORGAN *v.* BLATCHLEY.

*(GREEN JUDGE, Absent.)

Submitted September 10, 1889.—Decided November 9, 1889.

1. PARTIES.
    In a bill brought by a party, to whom a widow has conveyed her dower interest in two tracts of land, to have dower assigned

*On account of illness.

therein, which parcels of land at the time said suit is brought, are held and owned by different parties, the persons owning and holding said respective tracts of land are necessary parties defendant.

2. Parties—*Ex Mero Motu.*

Although the objection to the bill for want of proper parties is not properly raised in the Circuit Court by demurrer, plea or answer, this Court will on its own motion reverse and remand the cause for want of proper parties, where such defect is apparent upon the face of the bill and exhibits.

*L. D. Strader* for appellant.

*A. M. Poundstone* for appellee.

English, Judge:

This was a suit in equity, brought in the Circuit Court of Randolph county, by Littleton T. Morgan against Charles G. Blatchley, to February rules, in the year 1887, for the purpose of having the dower to which Catharine Morgan is entitled in two tracts of land, containing in the aggregate 410 acres, as the widow of David Morgan, deceased, assigned, and which dower he claims under a deed from said Catharine Morgan, dated the 21st day of September, 1885. It appears that in the year 1858, John S. Hoffman and Samuel T. Talbott conveyed to David Morgan and Charles Morgan 1,250 acres of land, situated in Randolph and Upshur counties, and retained the vendor's lien to secure the unpaid purchase money; that said title was conveyed by separate deeds, each conveying an undivided moiety, and the vendor's lein retained in each deed on the entire 1,250 acres. On the 20th of June, 1867, said David and Charles Morgan made a friendly partition of said lands between them, the said David Morgan conveying to said Charles Morgan 200 acres of said 1,250, and said Charles conveying to said David the residue thereof; and that subsequently said David conveyed 200 acres to the plaintiff, Littleton T. Morgan, and other parcels thereof to James Shahan, David C. Morgan, and Morgan Morgan, until he had left but 410 acres, in two tracts—one containing 250 acres and the other 160 acres.

In the year 1879, Gideon D. Camden and John R. Boggess, as executors and trustees, under the will of John S.

Hoffman, deceased, brought a suit against said David and Charles Morgan for the enforcement of said vendor's lien against said lands. On the first day of December, 1883, said David Morgan married one Catharine Ware; and on the 9th day of April, 1885, the said David Morgan died; and on the 21st day of September, 1885, said Catharine Morgan sold all her right, title, and interest in said 1,250 acres of land to the plaintiff, Littleton T. Morgan.

A decree was rendered in the suit brought by said executors on the 22d of September, 1884, directing a sale of said 410 acres of land first, and, if that was not sufficient to satisfy the decree, then to sell the residue of said lands in the order therein set forth; which sale was made on the 4th day of January, 1886, by C. J. P. Cresap, special commissioner, and John R. Boggess became the purchaser of said 410 acres, which appears to be in two parcels, one containing 250 and the other 160 acres—which sale was confirmed; and on the 15th day of January, 1886, said C. J. P. Cresap, as special commissioner, by virtue of authority vested in him by the provisions of a decree rendered in said cause, conveyed said tracts or parcels of land, containing 410 acres, in two parcels—one containing 250 acres and the other 160 acres—to said John R. Boggess; and on the 16th day of January, 1886, said John R. Boggess, by deed of that date, conveyed, with general warranty, said portion of said 410 acres which contains 250 acres to the defendant, Charles G. Blatchley.

So far, then, as appears from the record and proceedings in this cause, the defendant, Charles G. Blatchley, was the holder and owner of 250 acres—part of said 410 acres of which David Morgan died siezed and possessed at the time of the limitation of this suit—and John R. Boggess was the holder and owner of the residue thereof. Now, as the bill seeks an assignment of dower in the entire 410 acres of land, and not in the 250 acre tract only, in order to determine this matter legally and finally, it was necessary that proper parties should be convened; and, in determining the question as to whether this prerequisite has been complied with, I take it that the plaintiff, Littleton Morgan, stands in the same attitude, pre-

cisely, that the widow, from whom he acquired said dower right, would occupy, if she had brought the suit herself; and the same parties will be required to be made defendants, as if she were the plaintiff.

It is true that the demurrer filed by the defendant does not suggest the want of proper parties, or show who are the proper parties; but the bill, on its face, taken in connection with the exhibits therein referred to, and made part thereof, does show, as we think, conclusively, that John R. Boggess was a necessary party to this suit. Littleton Morgan, as the grantee of said Catherine Morgan, prays that dower may be assigned him in the entire 410 acres, as stated above, and makes Charles G. Batchley the sole defendant, when the bill shows that he only owns 250 acres of said land; and, upon the question as to the propriety of this Court, on its motion, taking notice of this evident defect in the pleadings, we find that Barton, in his Chancery Practice, (volume 1, p. 226), says: "Although the defect of lack of parties be not suggested by demurrer, plea, or answer, yet, if it be apparent on the face of the bill, it will prevail at the hearing; and, even though not raised in any way in the lower court, it is competent to make the objection in the Court of appeals; and, although no objection be made there, the Court itself will regard it, of its own motion, and will reverse the same for lack of proper parties, and send it back, that the person whose presence is necessary to a just and final adjudication of the case may be brought before the court." See *Hoe* v. *Wilson*, 9 Wall. 501; *Clayton* v. *Henley*, 32 Gratt. 74; *Taylor's Adm'r* v. *Spindle*, 2 Gratt. 45.

In *Mayo* v. *Murchie*, 3 Munf. 401, 402, Judge Roane says: "On general principles, it would seem that those who have, and those who want, the entire subject of controversy would be proper and sufficient parties. It is enough that all those should be parties defendant to the suit who possess all the rights in controversy in that suit, and therefore can enable the court of equity to make a complete decree upon the subject."

In *Blair* v. *Thompson*, 11 Gratt. 441, the court of appeals of Virginia held: "In a bill by a widow for dower in land

sold in the lifetime of her husband, and coming to the present owner through several intermediate conveyances, the present owner is the only necessary party defendant." It follows that where the entire tract, in which the bill prays an assignment of dower, is owned and held in different surveys or smaller tracts by different parties, they are all interested in said assignment of dower, and it can not be legally and properly made without making them parties to the suit.

For the failure to make said John R. Boggess a party to said suit, this cause must be reversed and remanded to the Circuit Court of Randolph county, with leave to the plaintiff to amend his bill in the manner herein indicated, and for further proceedings to be had therein; and the appellee must pay the costs of this appeal.

REVERSED. REMANDED.