# CHARLESTON.

HITCHCOX v. HITCHCOX *et al.*

Submitted June 11, 1894.—Decided December 8, 1894.

1. PARTIES.

In a suit in equity brought to remove a deed held by the defendants as a cloud upon plaintiff's title to the land in question, in which the bill alleges that the defendants' immediate grantor, who claimed to have purchased the land at a judicial sale under a decree, had no title, because no sale of such land was ever decreed in any legal proceedings, such as are recited in said grantor's deed, and that no sale of said land or of any interest therein was ever decreed in any legal proceedings set up in said pretended deed, and that no legal sale of said land or of any interest therein was ever made by the special commissioner, who made the deed to the defendant's grantor, such grantor should be made a party defendant to the suit; and a decree pronounced in his absence or in case of his death in the absence of his heirs at law should be set aside.

2. PARTIES—REVERSAL.

Although the objection to the bill for want of necessary parties is not properly raised in the Circuit Court by demurrer, plea or answer, this Court will on its own motion reverse and remand the cause for want of proper parties, where such defect is apparent upon the face of the bill and exhibits.

T. E. DAVIS for appellants cited 33 W. Va. 155; 21 W. Va. 125; 28 W. Va. 514; Sand's Suit in Equity 191, 392, 502, 503; Code, c. 132, s. 7; 26 W. Va. 1; 34 W. Va. 290.

D. D. JOHNSON, for appellee.

English, Judge :

This was a suit in equity, brought in the Circuit Court of Ritchie county, returnable to September rules, 1887, by Victor V. Hitchcox, a minor child, who sued by his next friend, Ellen A. Hitchcox, against Columbia V. Hitchcox, widow of M. M. Hitchcox, deceased, and others. The plaintiff, in her bill, asserts, that the heirs at law of M. M. Hitchcox, deceased, are entitled to the undivided one fourth of a tract of land situated in said county of Ritchie, containing really two hundred and eighty two acres, but which is described in a patent issued by the commonwealth of Virginia about the 1st of September, 1851, to William Hitchcox, the grandfather of the infant plaintiff, as containing two hundred and ninety three acres, situated on the Northwestern turnpike and Husher's run in said county of Ritchie, in which patent the metes and bounds of said tract are given.

Plaintiff further alleges, that said William Hitchcox died seised in fee simple of said land, and that by his will he gave said land to his widow for her lifetime and after her death to his heirs, but to said widow absolutely with power to dispose of the same and convert it to her use during her lifetime, if she saw fit, his said heirs having no right or interest therein while she lived, and only a reversion therein, in case she did not use or dispose of the same;—that said widow died about the year 1877, and at her death said land became the property of the heirs-at-law of the said M. M. Hitchcox;—that said M. M. Hitchcox died before his mother, the widow aforesaid, and at the death of the said widow said land became the property of the following persons to wit: William L. Hitchcox, Nelson K. Hitchcox, Waldo P. Hitchcox, all of whom were sons of said William Hitchcox, deceased, in the proportion of one fourth each, and the other undivided fourth part became the property of Clay B. Hitchcox, Montrose M. Hitchcox, Columbia V. Hitchcox, Calvert L. Hitchcox, Earnest L. Hitchcox, Phoebe F. Hitchcox and Ellen A. Hitchcox, the children and heirs-at-law of M. M. Hitchcox, deceased, who was the other child of William Hitchcox, deceased.

The plaintiff further alleges, that at the death of their grandmother, the widow of said William Hitchcox, deceased, he and his brothers and sisters aforesaid became jointly the owners in fee simple of said undivided fourth interest in and to said tract of two hundred and ninety three acres of land, and their mother, Columbia V. Hitchcox, who is still living and is the widow of said M. M. Hitchcox, has a dower-interests in their said one fourth interest in said land, and he is the owner in fee simple of one undivided eighth of one fourth part of said land, or one thirty second part thereof.

The plaintiff further alleges, that he and his said brothers and sisters had a right to have their one fourth interest in said land set off to them in one parcel, and that if said one fourth part so set off should be incapable of proper and judicious partition into eight parts, he had a right to have said fourth part sold, and the proceeds divided so that his one eighth part thereof can be paid to him; that the said Waldo P. Hitchcox had sold his interest in said land to Jacob S. Pratt;—that Nelson K. Hitchcox's interest in said land had been sold under some sort of judicial proceedings, and that said interest was now owned by J. P. Strickler;—that W. L. Hitchcox had sold his interest, and that the same had been transferred through several hands, and was now owned by J. B. and L. E. Pratt; but that plaintiff knew nothing as to the title or claims of said Jacob S. Pratt, J. P. Strickler, and J. B. and L. E. Pratt, or as to what interest they might own, or what the nature of their several claims was;—that the said Nelson K. Hitchcox was still in possession of a part of said land, and the said Jacob S. Pratt was in possession of another part thereof, and the said J. B. and L. E. Pratt were in possession of another part thereof; but that William L. Hitchcox and Waldo P. Hitchcox no longer claim any interest in said land, and that the widow of M. M. Hitchcox is entitled to have her dower set apart to her in the one fourth to which the heirs at-law of M. M. Hitchcox were entitled, or to have the same sold, and to receive a gross sum in lieu thereof;—that John M. and William L. Morrison are in possession of another portion of said land, and that they are asserting some claim to

or interest therein, and plaintiff alleged that they had no right, title, or interest whatsoever in said land, or any part thereof;—that on the 22d day of October, 1888, there was placed on record in the office of the clerk of the County Court of Ritchie county what purports to be a deed from R. S. Blair, special commissioner, to one A. S. Core, purporting to convey an undivided interest in said land; but the plaintiff alleged that no sale of said land, or any interest therein, was ever made by said R. S. Blair, special commissioner, or otherwise, and that neither said land nor any interest therein was ever embraced or contemplated, in the legal proceedings mentioned in said pretended deed;—that said A. S. Core had been long dead before said pretended deed was recorded, and plaintiff alleged that no such deed was ever made or delivered to said A. S. Core in his lifetime and plaintiff charges that said A. S. Core never had any sort of right, title, or interest in or to said land whatsoever;—that plaintiff's father, M. M. Hitchcox, never conveyed any interest therein, nor was any interest of his ever sold or conveyed by any legal proceedings, so that said Core never could have had any interest therein ; and, if said John M. and William L. Morrison have any claim or color of title whatsoever·for said land, it must be under said Core, and said Core never had any valid title and never claimed to have, nor has there been any such claim or color of title, or any paper purporting to convey any title or interest in said land, on record, except the said deed recorded in October, 1888. And plaintiff further alleged that said pretended deed, or any pretended conveyance made in pursuance thereof, is wholly illegal, null and void and conveys no title or interest whatever in said land ; and that the said pretended deed from R. S. Blair, special commissioner, to A. S. Core, and any deeds or conveyances made under the same, are simply clouds upon the title to said land, and that he has a right to come into a court of equity to have the same removed.

The plaintiff prayed that the said John M. Morrison and William L. Morrison might be required to disclose and show by what right or authority they are asserting possession to any part or interest in the said tract of land, and

what character of title they claim to. any interest therein; —that the said pretended deed from R. S. Blair, special commissioner, to A. S. Core, and any deed of conveyance made by said Core in pursuance thereof, may be declared null and void, and of no effect to create any title in said Morrisons or otherwise in said land; and, further, that a partition of said tract of two hundred and ninety three acres of land might be made, setting off and assigning to Waldo P. Hitchcox or his assignees one fourth, to Nelson K. Hitchcox or his assignees one fourth, to William L. Hitchcox or his assignees one fourth, and to the plaintiff and his said brothers and sisters, the children of M. M. Hitchcox, deceased, one fourth; and that out of the one fourth interest so to be assigned to the heirs of M. M. Hitchcox, deceased, dower may be assigned to the said Columbia V. Hitchcox, widow of M. M. Hitchcox, deceased; and that the same may be partioned, if practicable, among the heirs of said M. M. Hitchcox, but, if the same be incapable of partition, that then said fourth, when so set off, may be sold, and a sum in gross be given to said widow in lieu of dower, and the residue divided among the said heirs of M. M. Hitchcox.

The defendants J. M. Morrison and William L. Morrison, filed their joint answer to plaintiff's bill, in which they say :—that they are not advised when William Hitchcox died, but they are advised that he died several years before his son M. M. Hitchcox, and that after the death of M. M. Hitchcox two suits were instituted in the Circuit Court of Ritchie county against the heirs of M. M. Hitchcox and others, namely, H. Rosenheim and others, plaintiffs, and T. P. Jeffrey, administrator, plaintiff, which suits were for the ostensible object of selling said M. M. Hitchcox's real estate of which he died seised, in which suits the heirs of said M. M. Hitchcox and his widow were among the defendants ;—that under a decree rendered in said suits all the real estate of which the said M. M. Hitchcox died seised was decreed to be sold, and that said real estate was sold, and on the 24th day of April, 1877, said sale was confirmed, and that among the real estate so sold and confirmed was the one fourth interest of the said M. M. Hitch-

cox in a tract of two hundred and eighty two acres of which said Hitchcox's father died seised and possessed, which one fourth interest A. S. Core became the purchaser of, and from the date of the confirmation of the sale was entitled to a deed therefor, although he did not receive a deed therefor until the 8th day of February, 1881, of all which decrees and proceedings the said heirs of M. M. Hitchcox had notice;—that by a suit in said Circuit Court, brought by said A. S. Core against William L. Hitchcox, Waldo P. Hitchcox, and N. K. Hitchcox, the said tract of two hundred and eighty two acres was partitioned, and the one fourth interest so purchased by said Core as the interest of M. M. Hitchcox was assigned and set off by metes and bounds to him.

And respondents further say, that they purchased of said Core eighty two acres of land which they are informed is the said one fourth interest so purchased by said A. S. Core, and partitioned to him ; and an agreement in writing between them and said Core was entered into the 19th day of May, 1889 ; that for said land Core afterwards executed to them a deed of general warranty, bearing date on the 29th day of March, 1882, which was admitted to record on the 3d day of June, 1882—that immediately upon their purchase on the 19th day of May, 1879, they entered into possession of said land, built a house, cleared and improved the land—that they paid a valuable consideration for said land, to wit, one thousand dollars—that they have since put valuable improvements on the same until it is now worth thribble what they paid for it—of all of which said M. M. Hitchcox's heirs have had notice.

Said defendants further say, that if the object of this suit is to attempt to deprive them of their land by trying to show that the land they own and have been in possession of is part of the two hundred and ninety three acres they speak of in their bill as patented to William Hitchcox, and can show it is the same as the two hundred and eighty two acres, they say they are estopped—and they further show in suits against M. M. Hitchcox's heirs the said M. M. Hitchcox's widow asked and accepted a gross sum in lieu of her dower, and therefore she is estopped,

and they do plead said two suits above mentioned against M. M. Hitchcox's heirs and others in bar and complete estoppel of this action against them—and they further plead that they had been in possession under written contract more than ten years before the suing out of the writ in this suit; and further, that their title will date back to the confirmation of the sale to Core in April, 1877, in case the court should be of opinion that proceedings up to that time should be irregular, void, and without authority, and that the plaintiff can not, by law, now, by next friend, maintain his suit; that by law, if not of age, after he comes of age he has six months to show cause against any decree, but not before; and that being in possession he can not now, in equity, maintain this suit.

Copies of the last will and testament of William Hitchcox, and also of M. M. Hitchcox, were exhibited, as also the bills filed in the Circuit Court of Ritchie county by R. Rosenheim against M. M. Hitchcox, and by Thomas P. Jeffrey, surviving partner, etc., against Columbia V. Hitchcox, the widow, and Columbia V. Clay and others, the heirs-at-law of M. M. Hitchcox, deceased, as well as copies of the decree rendered in said causes, which were consolidated and heard together; also the copy of the report of sale made under a decree of sale rendered in said causes by R. S. Blair, special commissioner; also a copy of the bill and proceeding had in the suit brought by A. S. Core for partition against William L. Hitchcox, Waldo P. Hitchcox, and Nelson K. Hitchcox.

On the 19th day of October, 1891, the depositions of Ellen A. and Victor V. Hitchcox were taken by the plaintiff and filed on the 22d day of October, 1891.

On the 26th day of October, 1892, Thomas E. Davis, attorney for the defendants John and William Morrison, filed an affidavit for continuance, in which he states that when he submitted said case to the court it was not his understanding he was submitting the cause as to final hearing, but was for the purpose of passing on the right of plaintiff to maintain suit, and as to validity of deed made to Core by commissioner, in the suit of *Rosenheim* v. *M. M. Hitchcox's children, etc.* It was not submitted with under-

standing his clients should be deprived of proving their cause outside the questions above mentioned. At no time would he have submitted the cause so as to deprive his clients of the privilege of making out their defence without further proof.

David D. Johnson, counsel for the plaintiff, filed a counter affidavit, in which he says that said Thomas E. Davis was mistaken, and that the case was argued and submitted upon its merits at a former term, and the understanding was that the court was to take the papers, and decide the case at the next term; and that he prepared an order making up the pleadings and submitting the case, which is still in the file, and is filed as part of his affidavit, which order bears an indorsement in pencil, made by the judge of the court in his own handwriting, a copy of which order and indorsement is also filed. Said W. L. Morrison and J. M. Morrison also filed their joint affidavit, in which they state that said land has been in their possession, open, notorious, continuous, hostile, and adverse to every person, since the 19th day of May, 1879, working, clearing and raising crops and building thereon and paying the taxes thereon ever since they received the possession from A. S. Core, who purchased it at public sale at the front door of the courthouse of Ritchie county, purporting to be sold under a decree to satisfy debts of M. M. Hitchcox, father of the plaintiff.

Columbia V. Hitchcox, widow of M. M. Hitchcox, deceased, and the children of said M. M. Hitchcox who are named as defendants, filed their answer admitting the truth of the allegations contained in the bill.

On the 31st day of October, 1892, the court proceeded to hear the case upon the bill, answers, replications, and proofs reciting in the decree that the cause was submitted at a former term of the court, and decreed the complainant was entitled to the relief prayed for in the bill, and that he and his brothers and sisters were entitled, as heirs-at-law of M. M. Hitchcox, deceased, to the undivided fourth interest in and to the tract of two hundred and ninety three acres of land in the bill and proceedings mentioned, and that said deed from R. S. Blair, special commissioner, to A. S. Core,

dated October, 22, 1888, constituted no adverse title in the grantee, A. S. Core, or in those to whom he subsequently conveyed ; and removed the deeds from R. S. Blair, special commissioner, to A. S. Core, and from A. S. Core to John M. and William L. Morrison as clouds upon said title ; and held that the heirs of M. M. Hitchcox, deceased, were entitled to the recovery of the possession of their said undivided fourth interest in said land, and to have the same partitioned, and their said fourth interest set off to them, and appointed commissioners to go upon said land, and make partition of the same, and report their proceedings ; overruling the defendants' motion for continuance on the ground that the same came too late, the cause having been regularly submitted at a former term.

On the 27th day of June, 1893, the commissioners appointed to make partition returned their report, which was confirmed, and a deed directed to be made to the widow and heirs of M. M. Hitchcox, deceased, with covenants of special warranty for the land allotted to them, and from this decree said John M. and Wm. L. Morrison applied for and obtained this appeal.

The first error assigned by the appellants is to the action of the court in pronouncing a decree in the absence of necessary parties, suggesting that W. L. Hitchcox, N. K. Hitchcox and A. S. Core were necessary parties, and were entitled to be heard as defendants in the cause. It is true, no demurrer appears to have been interposed suggesting the want of proper parties, yet this Court has held in the case of *Morgan* v. *Blatchley*, 33 W. Va. 156 (10 S. E. Rep. 282) that, "although the objection to the bill for want of proper parties is not properly raised in the Circuit Court by demurrer, plea, or answer, this Court will on its own motion reverse and remand the cause, where such defect is apparent upon the face of the bill and exhibits" ; and in the case of *Donahue* v. *Fackler*, 21 W. Va. 124, it was held that "when it is uncertain whether or not certain persons have an interest in land, it is error to decree a sale of such land, without making such persons parties to the suit."

Now, the avowed object of this bill was to partition and set off to the plaintiff and the other heirs-at-law of M. M.

Hitchcox, deceased, the undivided one fourth part of a tract of land which was patented to William Hitchcox, the grandfather of the plaintiff, by the commonwealth of Virginia in September, 1851, and described therein as containing two hundred and ninety three acres, situated on the Northwestern turnpike and Husher's run, in Ritchie county, which patent was filed, and gives a description by metes and bounds, and is evidently the same land an undivided interest in which was sold by R. S. Blair as special commissioner under a decree of the Circuit Court of Ritchie county in the consolidated cases of H. Rosenheim against M. M. Hitchcox and Thomas P. Jeffrey, surviving partner, *etc.*, against 'the widow and heirs-at-law of M. M. Hitchcox, deceased, and, while the description of the land in the bill and exhibits described may not correspond precisely with the description of the two hundred and eighty two acres of land reported as sold by R. S. Blair, special commissioner, to A. S. Core, yet the case was referred to a commissioner to ascertain the real estate owned by the estate of M. M. Hitchcox, deceased, and his report was unexcepted to, and, acting in pursuance of said report, said R. S. Blair as special commissioner reports that he sold the one fourth of a two hundred and eighty two acre-tract, being the interest of the said M. M. Hitchcox, then deceased, in his father's farm, near Ellenboro, to said A. S. Core, for which he paid six hundred and fifty dollars; and said R. S. Blair appears subsequently as special commissioner acting under a decree of the Circuit Court of said county in two chancery cases which were consolidated to have made said A. S. Core a deed for the one fourth interest in said two hundred and eighty two acre-tract of land, which deed the plaintiff alleges appears to have been admitted to record in said county on the 22d day of October, 1888, and one of the alleged objects of the plaintiff's bill was to remove this deed as a cloud upon the title and a determination of the questions raised by the effort to show, that said deed should be removed as a cloud upon the title under the allegation made in the plaintiff's bill, that no sale of said land, or any interest therein was ever decreed in any legal proceedings set up in said pretended deed; that

no legal sale of said land or any interest therein was ever made by said R. S. Blair, special commissioner or otherwise ; and that neither said land, nor any interest therein, was ever embraced or contemplated in the legal proceedings mentioned in said pretended suit—constitutes a direct attack upon the title of said A. S. Core to the interest in said land which he conveyed to the defendants John M. and William L. Morrison.

In this state of circumstances, A. S. Core, or, in case of his death, his heirs-at-law, should have been made parties to the suit. The general rule is found in Sand's Suit in Equity, at page 191, where it is said: "It is a general rule in equity that all persons materially interested in the subject matter of the bill ought to be made parties to the suit, however numerous they may be." The same rule is found in 1 Bart. Ch'y Pr. p. 133, § 35. The defendants, John M. and William L. Morrison, in their answer, allege that A. S. Core conveyed to them said interest in said two hundred and eighty two acres of land by deed with covenants of general warranty, dated the 29th day of March, 1882, and that the same was admitted to record on the 3d day of June, 1882, which was filed as "Exhibit B," with their answer, which shows that the said A. S. Core was directly interested in protecting his warranty of title.

In the case of *Pappenheimer* v. *Robberts*, 24 W. Va. 702, which was a suit brought by a judgment-creditor to sell the lands of the debtor, this Court held that "if in such suit the plaintiff seeks to set aside as fraudulent and void certain deeds alleged to have been made by the judgment-debtor with intent to hinder, delay, and defraud the plaintiff in the collection of his debt, in order to charge the land thereby conveyed with the payment of his judgment, such alleged fraudulent alienees are necessary parties to such suit, although they may have conveyed the said lands granted them respectively to other persons, who are defendants in the suit"; and that "if the want of such proper parties appears on the face of the bill, it will, for that cause, be demurrable, and the defect may be taken advantage of by demurrer or at the hearing of the cause."

In the case of *Neely* v. *Jones*, 16 W. Va. 626, it was held

that "if all the judgment-creditors are not made parties to such a suit either formally or informally, and this is disclosed in any manner by the record, the appellate court will reverse any decree ordering the sale of the lands, or the distribution of the proceeds of such sale." See, also, *Donahue* v. *Fackler*, 21 W. Va. 125, and *Turk* v. *Skiles*, 38 W. Va. 404 (18 S. E. Rep. 561).

In the case under consideration the legality of the manner, in which the defendants Morrisons' immediate grantor derived his title being directly assailed, and, although purchased by said grantor at public sale under a decree of court, the regularity of the chancery proceedings under which said decree was obtained being challenged and brought in question by the plaintiff's bill, my conclusion is that A. S. Core was a necessary party to this suit and should have been brought before the court, in order that he might protect his interest, and the questions raised might be properly determined. It can not be said that said A. S. Core was a purchaser at a judicial sale under a decree of court, which sale was afterwards confirmed by a decree of court, and therefore he is protected under section 8 of chapter 132 of the Code, for the reason that the plaintiff in his bill alleges, that there was no such decree and no such sale; and said Core or those representing him should be present, in order that they may have an opportunity of presenting the facts and placing the question at rest. And, having arrived at the conclusion that the decree complained of was entered in the absence of necessary parties, the same must be reversed, and the cause remanded to the Circuit Court of Ritchie county for further proceedings to be had therein with costs to the appellant.