# CHARLESTON.

HOLLANDSWORTH v. STONE *et al.*

Submitted January 18, 1900——Decided April 7, 1900.

1. SERVICE OF SUMMONS—*Person—Officer.*
      Any credible person may serve a summons or other process, or legal notice, and make verified return of such service, though there has not been any prior return of not executed by an authorized officer. (pp. 774-775).

2. EVIDENCE—*Demurrer—Burden of Proof.*
      Either party in an action at law may, of right, demur to the evidence of his adversary, when that adversary carries the burden of proof, unless the case be clearly against the demurrant, or the court entertains a reasonable doubt as to what facts should be fairly inferred from the evidence. (p 766.)

3. DEMURRER TO EVIDENCE—*Joinder—Objection.*
      One who objects to being compelled to join in a demurrer

to evidence must make his objection thereto in the circuit court, and cannot make it for the first time in the supreme court.    (p. 778-779).

Error to Circuit Court, Lincoln County.

Action by J. M. Hollandsworth against George W. Stone and others.   Judgment for plaintiff, and defendants bring error.

*Affirmed.*

LACE MARCUM, J. R. WILSON and D. E. WILKINSON, for plaintiffs in error.

CAMPBELL & MAY, for defendant in error.

BRANNON, JUDGE:

This is an action of debt in the circuit court of Lincoln County, by J. M. Hollandsworth against George W. Stone and others upon a penal bond given to Hollandsworth by Stone and others, with condition that Stone, as deputy of Hollandsworth, sheriff of Lincoln County, would faithfully discharge his duties as such deputy, and pay over and account for, as required by law, all moneys that should come to Stone's hands by virtue of his office of deputy sheriff. Upon the trial the plaintiff demurred to the evidence of the defendant, and the court gave judgment for the plaintiff upon such demurrer to evidence, and the defendants have brought the case to this Court by writ of error.

1.   The summons in the action having been served by a private individual, the defendants moved the court to quash the return of service because the service was made by a private individual without the original writ having been first returned "Not executed" by an officer.   This motion is rested on the theory that section 2, chapter 124, Code 1891, provides that "process to commence suits, including writs of *scire facias, mandamus, quo warranto, certiorari,* prohibition and the alias or other process, where the original is returned not executed, may also be served by any credible person."   It is claimed that, as this summons showed no return of not executed, the return of service by an individual, verified by his affidavit, is absolutely void. If this Court holds that doctrine, it would upturn how many

judgments and decrees in West Virginia? It would reverse the practice prevalent throughout this State for fifty years. As far back as the Code of 1849, chapter 170, section 6, it was provided that "any summons or *scirs facias* may be served as a notice is served under the first section of chapter 167," and that provides that "any sheriff or sergeant shall serve a notice, * * * and make return. * * * Such return, or a similar return by any other person who verifies it by affidavit, shall be evidence of the manner and time of service." This provision has ever since continued the law. Code, chapter 124, section 6, and chapter 121, section 1. Under it such long practice of serving process by individuals has prevailed. It would be a total reversal of this practice to hold now as we are asked to hold, and it would nullify the plain meaning of the statutes cited, made for remedial purposes, and for public convenience in the service of process. But there is no clash between the statutory provisions above quoted. The construction of section 2, chapter 124, contended for by counsel for Stone, is not sound. The words "not executed" do not refer to the process to commence suits, but only to the words "other process." They are simply descriptive of "other process." The lawmaker, fearing that it might be contended that further process after the original might be required to go to the same officer, expressly provided for its service by a private individual, just like other process. It was meant to say that not only original process might be served by an individual, but also alias or any other process, whatever its proper name,—"pluries" or other, —where the prior process had been returned unexecuted, might be served by an individual, just like the other process mentioned in the section. This construction harmonizes all these provisions. Where is the reason in requiring that, before an individual shall serve process, there shall be a return of not executed by an officer? *Peck* v. *Chambers*, 44 W. Va. 270, (28 S. E. 706), does not bear on this point. The point in that case was whether an individual serving process must be a credible person; and the case does not discuss the point we have in hand, and was not meant to sustain the construction of section 2, chapter 124, contended for.

2. It is argued that the court erred in requiring defendants to join in the demurrer to evidence. The court did not do so. The defendants did not object to joining in such demurrer. So far as the record discloses, they willingly did so. But, if there had been an objection, the court would have been bound to compel such joinder, because, the plaintiff having shown enough to sustain his action and cast the burden of defense on the defendants, the plaintiff had a right to compel the defendants to join in the evidence. This will appear from principles stated in the opinion by JUDGE McWHORTER (this term) in *Bennett* v. *Perkins*, (W. Va.) 35 S. E. 8. *Bank* v. *Evans*, 9 W. Va. 373, holds that "the defendant ought to be compelled to join in a demurrer to evidence, when the burden of proof is upon him, unless the case is clearly against the plaintiff, or the court doubts what facts should be reasonably inferred from the evidence." *Shaw* v. *County Court*, 30 W. Va. 488, (4 S. E. 439), holds that "either party may demur to the evidence, unless the case be clearly against demurrant, or the court has reasonable doubt as to what facts should be fairly inferred from the evidence."

3. The evidence shows that Hollandsworth, as sheriff, transacted the business in certain districts, and Stone in other districts, of Lincoln County, and that Hollandsworth paid certain drafts or orders against the boards of education of districts in which Stone was collecting taxes, and Hollandsworth delivered them to Stone, to be presented to the boards of education to the credit of the sheriff, in settlement with them, and for them Stone gave to Hollandsworth "duebills." Afterwards, when they met at the sheriff's office, where the book of account between the sheriff and his deputy was kept, they would have the clerk sum up these duebills, and charge them to Stone in the account in the book between Hollandsworth and Stone, and then they burned the duebills. Also, sometimes Hollandsworth took up for Stone a few of his mere private or personal duebills, which had been given by Stone to people holding public orders, and which Stone paid partly in cash and partly in such duebills, in lieu of cash. These last-named duebills were also likely charged to Stone, in favor of Hollandsworth, in the book containing the account be-

tween them.    These due bills amounted to eight hundred
and ninety-nine dollars and ninety-nine cents.    The de-
fendants assign it as error that the court did not allow
them as a credit for that eight hundred and ninety-nine
dollars and ninety-nine cents.    They say that those due-
bills were the mere private debts of Stone, and that the de-
fendants who are sureties in Stone's bond are not respon-
sible therefor, because of the unquestionable legal principle
stated in *State* v. *Nutter*, 44 W. Va. 385, (30 S. E. 67), that
"sureties stand on the letter of their contract, which is not
to be extended by mere implication," and that the law re-
gards them with tenderness, and binds them no further
than the contract which they have signed calls for.    The
same principle is stated by JUDGE DENT, in *State* v. *Ens-
low*, 41 W. Va. 744, (24 S. E. 679).    If it were true that
those duebills were charged in this suit to the defendants,
I would regard the position taken by them tenable.    But
they were not charged.    The evidence of Hollandsworth
distinctly states and shows this, and Stone, on the witness
stand, does not assert the contrary.    But look at the rec-
ord.    Those duebills are not incorporated in the evidence.
Hollandsworth's evidence distinctly shows what items he
charged to the defendants on the trial of the case, and
these duebills are not among them; and those items given
in evidence on the trial, abating the credits allowed by Hol-
landsworth, leave one thousand six hundred and eighty
dollars and eighty-six cents, the amount of indebtedness
found by the jury in their conditional verdict.    Now, if
those duebills are not included in the amounts or items
given in evidence as charges on the trial, how can we say
that they are charged to Stone?    It was Hollandsworth
who showed the credits in favor of the defendants, not the
defendants.    Hollandsworth charged Stone with the taxes
of various kinds committed to his hands for collection, and
collections from delinquent sales and fines collected; giv-
ing specifications, which do not include these duebills.
He then gave credits, and the result was the sum found by
the jury.    The defense seems not to have denied the items
of this account.    If we see that it is not a debit against
Stone, it is not included in the finding.    Remember that,
although those duebills were charged in the private account

between Hollandsworth and Stone in that book, they were not put in evidence on the trial. That book had nothing to do with the trial. They were not included in the credits, and should not have been, because they were paid out of the pocket of Hollansdsworth, and not by Stone. The orders for which those due bills were given were only handed to Stone by Hollandsworth in order that Stone, who was to make settlement with the boards of education of his districts, might present them in settlement with the boards of education to the credit of the sheriff; and, as Hollandsworth had paid them, he took those due-bills from Stone as mere memoranda to show that he had furnished so much credit in such settlement, as Hollands-worth required Stone to make settlements with the boards of education, and, in settlement with Stone, went by the results of the settlements with the boards of education, and was entitled to charge Stone, as an individual, with those duebills. The point we have to determine is whether on the trial those duebills were charged to Stone and the other defendants, and we say from the record that they were not; and very clearly they are not among the items of charge made by Hollandsworth in the evi-dence given by him on the trial, shown by the stenographic report, which contains the specific items charged to the defendants. Therefore we find no error in the refusal of the court to hold that the defendants were entitled to the said sum of eight hundred and ninety-nine dollars and ninety-nine cents as a credit.

4. The defendants claim that evidence in the case shows that some of the defendants, sureties of Stone, inquired of Hollandsworth at different times as to Stone's settlements, and whether or not he was falling behind, and that Hol-landsworth replied that Stone was coming up all right and was keeping square with him; and the defendants claim that they were kept in ignorance of Stone's default, and lulled to sleep, by Hollandsworth's declarations, and thus kept from taking steps to save themselves, which other-wise they would have taken. We express no opinion upon this matter. There is no plea setting up that estoppel *in pais*, but, if there were a good plea, relief on that score, if the defendants are entitled to any relief, must be had from

a court of equity, and cannot be given at law.    *Poling v. Maddox*, 41 W. Va. 779 (24 S. E. 999),(Syl., point 7); *Bank v. Parsons*, 42 W. Va. 137, (24 S. E. 554), (Syl., point 9): *Glen* v. *Morgan*, 23 W. Va. 467.    Therefore we affirm the judgment, without prejudice to the defendants to any relief they may be entitled to on the score of said estoppel in equity.

*Affirmed*