# CHARLESTON

McIlwaine Knight & Co. v. Fielder *et al.*

AND

Kanawha Valley Bank v. Fielder *et al.*

Submitted March 2, 1915.    Decided March 30, 1915.

1. Judgment—*Process to Sustain—Necessity.*

Proceedings in a cause can not bind parties who have been merely named as defendants therein, but as to whom the bill has not been matured for a hearing by the service of process to answer the same or by appearance thereto.    (p. 113).

2. Equity—*Bill of Review—Re-opening Case.*

A bill seeking to review a cause for errors apparent on the record, cannot re-open the case for general rehearing.    The procedure brings about an appeal for error, not a re-opening for a continuation of the cause.    (p. 114).

3. Same—*Bill of Review—Decree.*

Upon a bill of review for errors apparent on the record, the court should review the cause and in one order or decree, like procedure on appeal, adjudicate so as to correct the errors.    (p. 114).

4. Appeal and Error—*Procedure—Reversal.*

This court may of its own motion reverse decrees which have been entered in the absence of necessary parties.    (p. 114).

Appeal from Circuit Court, Kanawha County.

Suits by McIlwaine Knight & Co. and by the Kanawha Valley Bank against William Fielder and others.    From adverse orders and decrees entered on a bill of review, defendants appeal.

*Reversed and remanded.*

*J. W. Kennedy* and *Jones, Murphy & Ballard,* for appellants.

*L. E. McWhorter, Brown Jackson & Knight,* and *Price, Smith, Spilman & Clay,* for appellees.

Robinson, President:

This is a lien creditors' suit.    It is made up by the consolidation of two causes, separately instituted.    The decrees

subject real estate to sale for the payment of liens adjudged to exist thereon. Incidental to the enforcement of the liens, certain conveyences made by the appellants William Fielder and wife to their three sons, also appellants, were set aside as voluntary and fraudulent.

We need only set forth those matters which tend to proper decision. There are many ins and outs to be eliminated. They are in no wise material to a true view of the disposition which we find must be made of the case.

None of the defendants who are now appealing appeared to the original bill in either of the causes, nor to the amended and supplemental bill filed in one of them, which latter bill attacked the conveyances to the sons as being in fraud of the plaintiff and other creditors. The bills were taken for confessed as to all these parties. They did not answer, take exceptions to the report of the commissioner, or appear in any manner. So in the natural course of events, decrees appropriate to the case so confessed were entered against them. One decree set aside the alleged fraudulent conveyances. A subsequent decree adjudged certain liens to exist on the real estate thereby conveyed, as well as on remaining lands of the grantors, and ordered a sale of all the property for the payment and satisfaction of the liens.

When the property was advertised for sale pursuant to the decree, these appellants filed a bill of review and obtained a stay of the proceedings. They asked a review for errors. The errors alleged by them were such as would be apparent from the face of the record. They were those for which a bill of review would lie. The proper parties were named as defendants to this bill of review, but not all of them were summoned to answer it. When it was heard, only some of the parties to be affected by the proceedings therein were before the court by process or appearance. The cause had not been completely matured for a hearing. Why the appellees allowed it to be proceeded with in this shape, we do not know.

Nevertheless, the court, upon the bill of review, entered a decree totally vacating, annulling, and setting aside the former decrees. At the term at which it did this, it did no more. At a later term, a lien creditor, the City of Charleston, which had failed to present its case theretofore, was permitted to

file its answer setting up its lien.   The appellants were per-
mitted to demur to the amended and supplemental bill in
the original cause, which demurrer being overruled, they were
permitted to file their answers to that bill.   In this answer
they denied the fraud alleged against them.   At this time
the court seems to have considered the original cause as re-
opened by the decree made on the bill of review so that the
same might be reheard in all particulars.   Even if it could
have properly done so, it failed to observe that it could not
affect the rights of those parties to the original cause who
were not before the court when it set aside the decrees ad-
judicating their rights.   But at a still later term the court,
ignoring the answers which it had permitted to be filed,
entered a new decree of sale, embracing the matters of the
original decrees, but in some particulars modifying the former
decree of sale.   In the decree which it then made, it ordered
that the decree vacating the original decrees should be set
aside.   The appellants complain that the court erred in deny-
ing them a hearing on their answer, and further in not
correcting certain errors apparent on the record of the orig-
inal cause.

Now, let us see what a jumble has been made of this case.
How stands it?   Upon the bill filed by the appellants for a re-
view of the original decrees, those decrees have been reviewed
and changed so that the new decree binds some of the parties,
while as to others the former decrees have not been affected.
The plaintiffs in the original causes which were consolidated,
together with some of the lien holding defendants therein who
were served with process or appeared, are affected by the
proceedings on the bill of review.   Those proceedings, how-
ever, can not bind the several judgment lien holders whose
claims were reported by the commissioner and were decreed
in the cause, but who were not brought before the court in
the bill of review proceedings.   The original decrees, even if
erroneous, are as to them still standing.   The proceedings by
way of review are abortive as to such parties.   Proceedings
in a cause can not bind parties who have been merely named
as defendants therein, but as to whom the bill has not been
matured for a hearing by the service of process to answer

the same or by appearance thereto.  As well would it be not at all to make them defendants in the cause, as not to summon them or to proceed without them.  Chief Justice Marshall once said that it is only a principle of natural justice, of universal obligation, that the rights of an individual can not be bound unless he have notice of the proceedings against him. *The Mary,* 9 Cranch 126.

The answer tendered by the appellants was erroneously received.  On the bill of review the original cause could not be re-opened to give them an opportunity to deny the fraud which they had confessed by their default, and to rehear the question of fact as to the fraud alleged.  A bill seeking to review a cause for errors apparent on the record, can not re-open the case for general rehearing.  The procedure brings about an appeal for error, not a re-opening for a continuation of the cause.  1 Hogg's Equity Procedure, sec. 211.  Only errors apparent on the face of the record could be corrected and eliminated by the bill of review which appellants filed.

Even if all proper parties had been before the court, it would have been erroneous to set aside totally the decrees in the original cause, and then to allow the cause to stand for further decree, as the court did herein.  When a bill of review for errors apparent on the record has been properly matured for a hearing, the court should review the cause for error, and in one order or decree, like procedure on appeal, adjudicate the whole matter.  *Goolsby* v. *St. John,* 25 Grat. 146.  In this case the court was not only unmindful when it so proceeded without proper parties before it that confusion of rights instead of certainty would result, but it seems also to have been unmindful of the proper office of a bill of review and the scope of the practice and procedure thereunder.

Manifestly, in the interest of justice we must straighten out the affair.  We can not rightly take up the assignments of the appellants while the case is in such shape.  Underlying the assigned errors, is the gross error of orders and decrees having been entered on the bill of review in the absence of parties who should have been brought before the court.  Without them, the decrees which were attacked for errors could not properly be reviewed.  Though this error is not complained of, we must notice it.  Surely we can not, for the

errors alleged in the bill of review, allow the original decrees to be reviewed and changed in the absence of some of the lien claimants whose rights were fixed therein. Such a course, in a cause of the character of this one, would leave the original decrees to stand as to some and to be changed as to others. That would mean two different decrees of sale as to the same property, and produce confusion or conflict of the liens or rights established in the same cause. We must strike at the error underlying such irregularity—the error of not bringing before the court, before proceeding on the bill of review, all the parties whose rights are sought to be affected thereby. The appeal brings that error before us, in any view within the period of limitation. This court may of its own motion reverse decrees which have been entered in the absence of necessary parties. *Reger* v. *Gall,* 54 W. Va. 373; *Gallatin Land Co.* v. *Davis,* 44 W. Va. 109; *Hitchcox* v. *Hitchcox,* 39 W. Va. 607; *Morgan* v. *Blatchley,* 33 W. Va. 155.

The orders and decrees entered on the bill of review will be reversed. The cause must go back to the circuit court with direction that the bill of review be remanded to rules for a maturing by process served on all the defendants. When it is regularly matured and set for hearing, it should be proceeded with according to the established practice in relation to the hearing of bills of review.

*Reversed and remanded.*