FIRST NATIONAL COMPANY

*v.*

GAETANO MARIANI, *et al.*

(No. 10178)

Submitted February 7, 1950.   Decided March 21, 1950.

136

GIVEN, JUDGE, not participating.

*M. O. Litz, Henry S. Cato,* for appellant.

*P. G. Meador,* for appellee.

LOVINS, PRESIDENT:

From a decree of the Circuit Court of Kanawha County, refusing an appeal and supersedeas from an adverse decree of the Court of Common Pleas of Kanawha County, this Court granted defendant, G. T. Fogle & Company, an appeal. The facts giving rise to this proceeding are as follows:

On September 7, 1925, the City of Dunbar levied and assessed a street paving assessment against Lot No. 37, Block 22, of the City of Dunbar, which lot was then owned by the defendant, Gaetano Mariani. Said street assessment was levied and assessed pursuant to Section 61, Chapter 7, Acts of the Legislature, 1921 (Municipal Charters), being the municipal charter for the City of Dunbar, which provides for the issuance of a street paving assessment certificate in the amount of, and evidencing the indebtedness secured by, the lien of the assessment. Section 61 *id.* further provides, among other things, that "The lien hereinafter provided for shall have priority over all other liens except those for taxes due the state and shall be on a parity with taxes and assessments due the city."

Certificate No. 949, so issued, was due and payable in ten equal installments, plus accrued interest, the first of which installments became due and payable on May 1, 1926, and another installment on the first day of May of each year thereafter until said assessment with interest was paid in full. Certificate No. 949 was originally in the principal amount of $424.37, of which $339.49 in principal, with interest thereon, remains unpaid at the present time.

On January 12, 1925, the said Lot No. 37, Block 22, having been reported delinquent for the nonpayment of municipal taxes amounting to $1.82 for the year 1922, was sold by the Sheriff of Kanawha County to B. W. Childress for the total amount of $4.27.

Having been so requested by B. W. Childress, the Clerk of the County Court of Kanawha County, on January 14, 1926, issued a notice, directed to Gaetano Mariani, that, unless redeemed as provided by law, said clerk in behalf of Gaetano Mariani would execute and deliver a deed to the said B. W. Childress for the property. The verified return of service of this notice was executed by B. H. Newcomer, "a citizen of Kanawha County", who stated therein that personal service of said notice was made upon Gaetano Mariani in Kanawha County, West Virginia, on January 18, 1936. However, the proof herein clearly discloses that Gaetano Mariani was not served with such notice.

Thereafter, on March 31, 1926, the said Clerk of the County Court of Kanawha County prepared and delivered to B. W. Childress a deed for the said lot.

On June 29, 1927, Childress purportedly conveyed the lot to Fred S. Bailey and Elsie Bailey, his wife, who, in turn, by deed dated August 17, 1928, purportedly conveyed the said lot to S. C. Lamp and Rachel Lamp, his wife.

On December 10, 1930, the Sheriff of Kanawha County sold the said lot to the defendant, G. T. Fogle & Company, for State and city taxes, costs, interest and penalties, to-

talling $22.30, delinquent for the year 1928, said taxes being assessed in the name of Fred S. Bailey. On March 8, 1932, the Clerk of the County Court of Kanawha County issued a notice directed to Fred S. Bailey and Elsie Bailey, S. C. Lamp and Rachel Lamp, B. W. Childress and D. B. Dawson, trustee, advising said persons that unless redeemed said clerk would, in their behalf, convey said lot to G. T. Fogle & Company. Said notice having been served only upon Fred S. Bailey, Elsie Bailey, S. C. Lamp, Rachel Lamp, the Clerk of the County Court of Kanawha County conveyed said lot to G. T. Fogle & Company by deed dated September 22, 1932.

The First National Company, hereinafter referred to as "plaintiff", having subsequently acquired ownership of street paving assessment certificate No. 949, hereinbefore mentioned, instituted this suit in December, 1941. The bill of complaint, which alleges the foregoing facts, prayed that Gaetano Mariani, Sophia Richard Mariani, Samuel T. Spears, trustee, Rocco Antolini, B. W. Childress, Myrtle E. Childress, Fred S. Bailey, Elsie Bailey, S. C. Lamp, Rachel Lamp, and G. T. Fogle & Company be made parties defendant; that all of the deeds heretofore mentioned herein be set aside on the ground that Gaetano Mariani had not, in fact, been served with any notice as recited in the return of B. H. Newcomer, nor had the plaintiff, nor any of its predecessors in title to the certificate, been served with notice thereof. The bill of complaint further prayed that plaintiff's lien upon said lot be adjudicated and that said lot be sold in satisfaction thereof.

In commencing this proceeding, personal service of process was had upon B. W. Childress, Myrtle E. Childress and G. T. Fogle & Company, but process as to all the other named defendants was returned unexecuted, the return of process as to S. C. Lamp being marked " (deceased) ". Pursuant to the affidavit of plaintiff's counsel, an order of publication was issued and published as to the following named defendants: Gaetano Mariani, Sophia Richard Mariani, Fred S. Bailey, Elsie Bailey and Rachel Lamp.

Samuel T. Spears, trustee, and Rocco Antolini were later dismissed from the proceeding as unnecessary parties. No process of any kind was ever served upon S. C. Lamp, or his heirs or devisees, if he be dead.

G. T. Fogle & Company, hereinafter referred to as "defendant", filed its demurrer to the bill of complaint upon the following grounds: (1) That the tax deed of March 31, 1926, heretofore mentioned, extinguished the paving lien of which said certificate was evidence; (2) that the service of the clerk's notice of January 14, 1926, was not subject to collateral attack; and (3) that the plaintiff was barred by laches to assert its lien, if any, upon the lot.

Thereafter, on April 11, 1942, plaintiff filed its supplemental bill of complaint, alleging that the list of delinquent taxes for which the property was sold on January 12, 1925, was not properly certified by the Clerk of the City of Dunbar, as provided by Section 56, which requires that the city certify the same to the Clerk of the County Court of Kanawha County "for certification to the state auditor, and the same may be certified down by said auditor, and sold for taxes * * * in the same manner, at the same time, and by the same officer as real estate is sold for taxes * * * due the state thereon * * *." It appears from the evidence herein that the Clerk of the City of Dunbar certified the list of property delinquent for the nonpayment of municipal taxes for the year 1922 directly to the auditor of the State rather than in the manner hereinbefore stated.

To the amended bill of complaint, the defendant filed its demurrer upon the grounds that: (1) There is a presumption that said city clerk certified the list of lands delinquent for nonpayment of taxes pursuant to the provisions of Section 36, Chapter 47, Code of 1923, authorizing such direct certification; and (2) that only Mariani could attack the sufficiency of said certification.

On July 29, 1943, the Court of Common Pleas of Kanawha County overruled the demurrers to the original and

**140**

supplemental bills of complaint, and granted defendant sixty days within which it could answer. Defendant filed its answer on October 13, 1943, plaintiff consenting thereto.

The answer so filed, though argumentative in that it asserts and argues the various grounds for demurrer heretofore stated, alleges affirmatively, among other things, that "* * * since the said 8th day of October, 1932, respondent has been in open, notorious, exclusive and uninterrupted possession of said lot * * *", and that defendant had paid all taxes levied and assessed upon the lot. The answer prays for affirmative relief by cancelling plaintiff's alleged lien and removing the same as a cloud upon defendant's title. No replication, special or general, was filed by plaintiff to defendant's answer.

Thereafter evidence was taken which substantially corroborates the facts, heretofore stated, in all respects, except that no evidence seems to have been offered by either party indicating in whom, if any one, possession of the lot was vested at any time. On December 31, 1948, the Court of Common Pleas entered its decree granting the relief sought by plaintiff. It is from that decree that the Circuit Court of Kanawha County refused an appeal and supersedeas. This appeal was granted to review the decree of the Circuit Court of Kanawha County.

The twelve assignments of error made herein may be consolidated as follows: (1) Can plaintiff, as holder of the paving assessment certificate, maintain this suit; (2) is plaintiff guilty of laches; (3) can the service of the notice, heretofore described, upon Mariani be attacked; and (4) as a jurisdictional step, is it required that the City of Dunbar conform with Section 56 of its charter, heretofore quoted, or is substantial compliance with Section 36, Chapter 47, Code of 1923, sufficient?

It is noteworthy that no assignment of error in this Court, nor any pleading in the courts below, raises the question of the effect of failure to serve process upon S. C. Lamp, or upon his heirs or devisees, as the case may be, if he be dead. But such question is apparent upon the face of the record presented us. In justification of the

latter portion of this opinion, we feel constrained to quote Judge Robinson, who, when faced with a similar situation in the case of *McIlwaine Knight & Co.* v. *Fielder,* 76 W. Va. 111, 113, 85 S. E. 548, stated: "Now, let us see what a jumble has been made of this case. How stands it?" In *McIlwaine Knight & Co.* v. *Fielder, supra,* this Court held that it would reverse, upon its own motion, a decree of a trial chancellor entered in proceedings wherein necessary parties, though named defendants, had not appeared or been served with process. To the same effect, see *Donahue* v. *Fackler,* 21 W. Va. 124; *Morgan* v. *Blatchley,* 33 W. Va. 156, 10 S. E. 282; *Hitchcox* v. *Hitchcox,* 39 W. Va. 607, 20 S. E. 595; *Moore* v. *Jennings,* 47 W. Va. 181, 189, 34 S. E. 793; *Carder* v. *Johnson,* 84 W. Va. 709, 100 S. E. 502; and *Hoge* v. *Blair,* 87 W. Va. 515, 105 S. E. 796. Therefore, it is incumbent upon us first to determine if S. C. Lamp, or his heirs or devisees, are necessary parties to this proceeding.

"It is well settled that all persons materially interested in the subject-matter involved in a suit who are to be affected by the proceedings and result of such suit, should be made parties thereto. It is contrary to the policy of our law that the rights of parties should be materially affected or be entirely destroyed without giving to them an opportunity to be heard." *Maynard* v. *Shein,* 83 W. Va. 508, 510, 98 S. E. 618. See 1 Hogg's Equity Procedure, Miller, Third Edition, Section 53, and cases therein cited. That principle is so inherent in our system of jurisprudence that an extended citation of authorities is unnecessary.

Nor do we deem it necessary further to belabor the question whether S. C. Lamp, or his heirs or devisees, are necessary parties. Their interests in the outcome of this proceeding are obvious. Either S. C. Lamp, or, if he be dead, his heirs or devisees, must be brought before the trial court in this proceeding. Accordingly, the decrees of the Circuit Court of Kanawha County and the Court of Common Pleas of Kanawha County are reversed, and this cause is remanded to the Court of Common Pleas of

Kanawha County with direction that the bill be remanded to rules for a maturing of process upon S. C. Lamp, or his heirs or devisees, as the case may be.

In so reversing and remanding this proceeding, we expressly reserve judgment upon the issues hereinbefore stated, which counsel have sought to have presented to this Court. Furthermore, although we expressly reserve judgment thereon, we make the following observations with reference to other questions, legal and factual, which either were not raised or were not fully developed in the courts below, but which appear upon the face of the record presented herein:

*First:* It is noted that the verified return of B. H. Newcomer, endorsed upon the notice issued by the Clerk of the County Court of Kanawha County addressed to Gaetano Mariani, describes Newcomer only as "a citizen of Kanawha County", and not as "a credible person", as provided in Code, 56-3-11, the pertinent portions of which also appear in Section 2, Chapter 124, Barnes' Code of 1923. For the effect of such a recital in a return, see *Peck* v. *Chambers,* 44 W. Va. 270, 275, 28 S. E. 706; and *Hollandsworth* v. *Stone,* 47 W. Va. 773, 35 S. E. 864.

*Second:* Defendant's answer to the original and supplemental bills of complaint was filed more than sixty days after the decree of the trial chancellor overruling its demurrers, said sixty days being the extended time limit within which said chancellor had decreed that such answer could be filed pursuant to Code, 56-4-56. The attention of the trial chancellor and of counsel is directed to the case of *Strachan* v. *Insurance Co.,* 130 W. Va. 692, 44 S. E. 2d 845, as well as to the cases cited and discussed therein. Since the answer was so filed with the consent of the parties, the following cases, among others, also are cited as relating to the questions raised thereby: *Nelson* v. *Nash,* 126 W. Va. 568, 29 S. E. 2d 253; *Tsutras* v. *Farrar,* 109 W. Va. 509, 155 S. E. 655; *McVey* v. *Butcher,* 72 W. Va. 526, 78 S. E. 691; *Crowe* v. *Corporation of Charles Town,* 62 W. Va 91, 57 S. E. 330.

*Third:* Although defendant's answer alleges new matter, respecting payment of taxes levied and assessed against, and the continuous possession of, the lot over which this controversy arises, no replication, either special or general, was filed thereto. The effects of such failure to reply are discussed in 7 Michie's Jurisprudence, Equity, Sections 125 and 126, and cases therein cited; and in 1 Hogg's Equity Procedure, Miller, Third Edition, Sections 467, 468, and 469, and cases therein cited. See also Code, 56-4-58. It is noted that notwithstanding plaintiff's failure to reply to the affirmative matter alleged in defendant's answer, proof was taken and the case submitted to the trial chancellor on the pleadings filed, but no proof was adduced by either of the parties respecting possession of said lot. Since we apprehend the possibility that defendant may be entitled to a transfer provided for in Section 3, Article XIII, Constitution of West Virginia, even though defendant's answer does not specifically plead the benefits thereof, we are of opinion that, on remand, further factual development should be made to determine in whom, if anyone, actual continuous possession of the lot was vested.

We wish further to note that we have carefully examined the many cases cited by counsel in support of their contentions on the issues sought to be presented herein. Some of the more troublesome of such issues were raised in the comparatively recent case of *Gates* v. *Morris,* 123 W. Va. 6, 13 S. E. 2d 473. Although we reserve judgment thereon as applied to the instant case, we direct the trial chancellor's attention thereto as supporting his views expressed by memorandum of opinion filed herein, with particular reference to this Court's interpretation of Code, 11-10-22. A comparison of Code, 11-10-22, with Section 25, Chapter 31, Barnes' Code of 1923, reveals that the two statutes are identical, so far as pertinent to the instant case.

In accordance with the foregoing, the decrees of the Circuit Court of Kanawha County, and the Court of Common Pleas of Kanawha County are reversed and the cause

is remanded to said Court of Common Pleas of Kanawha County for further proceedings.

*Reversed and remanded with directions.*